977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando MUNIZ, Defendant-Appellant.
 No. 91-50439.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 7, 1992.
Decided Oct. 2, 1992.
 
 Before FLETCHER, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Fernando Muniz appeals from his conviction on one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 
 3
 I. Facts.
 
 
 4
 In early March of 1991, an informant notified the Santa Monica Police Department that a man who frequented an apartment in Pasadena was involved in major narcotics trafficking. On March 11, 1991, the police began watching the apartment. Over the course of the next 10 days, they saw Muniz, who loosely matched the description given by the informant, engage in actions indicative of narcotics dealing. He used counter-surveillance techniques when driving, made pager calls from public telephones, and drove to and from meetings in tandem with others.
 
 
 5
 On March 20, 1991, Muniz drove to a real estate office. He left the office with a second man, later identified as Valerio Mendez, carrying a small beige object that he placed in the trunk of his car. He left the trunk open, then drove toward Mendez. The officers' view of the car was obstructed for a few seconds; when they regained sight of Muniz's car, the trunk was closed and he was pulling out of the parking lot. Mendez left the office and engaged in counter-surveillance driving. Muniz also engaged in counter-surveillance driving, eventually finding his way to a mall parking lot. As he pulled into a parking stall he threw his wallet out the window, immediately exited the vehicle and began walking away at a very fast pace. The officers then pulled in behind and in front of his car.
 
 
 6
 The officers approached Muniz and retrieved his wallet, and then Muniz was placed in handcuffs. There is some dispute over whether the officers approached Muniz with guns drawn, and whether Muniz was told he was under arrest. The officers asked Muniz if they could search the car, to which Muniz replied yes. They then read a consent form aloud to Muniz, which Muniz signed. When the officers opened the trunk, they found a shopping bag containing 5 kilograms of cocaine. Muniz was then told that he was under arrest and again placed in handcuffs. The entire incident occurred over the course of approximately 10 minutes.
 
 
 7
 Muniz was indicted on one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). His suppression motion was denied by the district court, which found that (1) the police had probable cause to arrest Muniz at the time of the stop, and (2) Muniz's consent was voluntary. Muniz then entered a conditional guilty plea, and timely appealed.
 
 
 8
 II. There was Probable Cause to Arrest.
 
 
 9
 Muniz argues that he was arrested when the officers stopped him in the shopping mall parking lot, and that this arrest was not supported by probable cause. The trial judge found probable cause for the stop and detention. We review de novo the court's determination that there was probable cause to arrest Muniz. United States v. Del Vizo, 918 F.2d 821, 825 n. 6 (9th Cir.1990).
 
 
 10
 A warrantless arrest must be supported by probable cause, which exists if
 
 
 11
 the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent person to believe a suspect has committed, is committing, or is about to commit a crime. The experience and expertise of the officers involved in the investigation and arrest may be considered in determining probable cause.... Probable cause may be based on the collective knowledge of all of the officers involved in the investigation and all of the reasonable inferences that may be drawn therefrom.
 
 
 12
 United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989), cert. denied, 111 S.Ct. 80 (1990). The aggregation of factors present supports the district court's finding of probable cause to arrest, and we agree that there was probable cause. See Hoyos and United States v. Del Vizo, 918 F.2d 821, 825-27 (9th Cir.1990). We therefore need not reach the issue of whether Muniz was arrested when he was stopped.
 
 
 13
 III. The Search was Valid under the Automobile Exception.
 
 
 14
 Muniz contends that even if his arrest was valid, the subsequent search of his vehicle was not. A warrantless search of an automobile, as well as of any container located within it, is reasonable within the meaning of the Fourth Amendment if there is probable cause to believe that it contains contraband or evidence of criminal conduct. California v. Acevedo, 111 S.Ct. 1982 (1991). We review the trial court's findings of fact for clear error. United States v. Feldman, 788 F.2d 544, 550 (9th Cir.1986), cert. denied 479 U.S. 1067 (1987). The trial court made a conclusion of law in this case that the search was "a knowing, valid consensual search."
 
 
 15
 Muniz had obtained a small object from Mendez and placed it in the trunk. Then Muniz had driven his car, a Ford Thunderbird, by Mendez with the trunk open. Immediately following this unusual maneuver, both men started driving in a counter-surveillance manner. Though not specifically found, these facts were undisputed. These facts, in combination with the other observations, gave the officers probable cause to believe that Muniz was a drug dealer currently engaged in a drug transaction, and gave the officers probable cause to search the vehicle at the time of the stop. See United States v. Ocampo, 937 F.2d 485, 490 (9th Cir.1991) (finding a search warrant covering, inter alia, the defendant's cars to have had a substantial basis where the police observed the defendant engage in counter-surveillance driving, tandem driving, a car switch, and the placing of numerous beeper calls).
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3